UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**Melvin Tillis et al.,**                                                                **PLAINTIFFS**

**v.**                                                                           **3:16-CV-287-HTW-LRA**

**Southern Floor Covering, Inc., et al.,**                                **DEFENDANTS**

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY &
REQUEST FOR SANCTIONS**

**SUMMARY**

On July 26, 2016, Plaintiffs' served five interrogatories and four requests for production on Defendants. Since then, defense counsel has asked for additional time for vacations, depositions, and other exigencies, and has repeatedly promised to "get to it" as soon as one or another crisis had passed. Defense counsel has produced a few of the requested documents, but, for the most part, has failed to provide any responses to the requested discovery. This comes after Defendants have failed to produce even initial disclosures until ordered ***twice*** by this Court to do so.

The requested discovery is relevant and relatively limited, and the Defendants have yet to assert any grounds for their continued failure to comply with these lawful requests.

The Federal Rules of Civil Procedure are quite clear: the complete failure to make a response to discovery, without excuse, is sanctionable. For these reasons, attorney fees should be awarded and the Defendants compelled to produce full responses. In

addition, Defendants should be forbidden from introducing evidence on the subject matter of the requests, in particular the hours which Plaintiffs have worked.

**FACTS**

This case concerns allegations that certain carpet installers were required to work in excess of 40 hours per week without overtime in violation of the Fair Labor Standards Act. Complaint. As such, the case turns on discovering information which would demonstrate how the employees were paid and how long they worked. The facts on this question are fiercely disputed, and the Defendants' complete failure to keep the records the required by the FLSA has further complicated the question.

As a starting point in discovery on this matter, Plaintiffs' counsel initiated a Rule 26(f) conference on or about June 8, 2016. Plaintiffs' counsel drafted a suggested CMO and sent it to Defense counsel for comments. (Exhibit A) Plaintiffs' counsel also served initial disclosures on Defense counsel on June 11, 2016, as agreed at that conference. (Exhibit B)

Defense counsel did not produce initial disclosures as agreed with Plaintiffs' Counsel, nor did counsel confirm or deny agreement with the draft suggested CMO.

On June 16, 2016, a Rule 16 initial conference in this matter was held by the Court. The parties discussed initial disclosures, and the Defendants were ordered to produce initial disclosures by June 27, 2016. (Docket 11, Case Management Order)

Defense counsel did not produce initial disclosures as ordered by this Court.

On July 2, 2016, Plaintiffs' counsel sent an email reminding Defense counsel that the initial disclosures were late. (Exhibit C) It concluded "I know you are busy, but I also

know that you are intending to go to the bar conference and I don't intend to wait on it to finish. This means that if I don't have disclosures pretty promptly this week I'll have to go ahead and get a conference with Judge Anderson about whether a motion to compel will be necessary." Defense counsel responded "I can get them to on Monday at the earliest. On family vacation this week." Plaintiffs' counsel responded "Monday works."

Defense counsel did not produce the disclosures Monday, nor any time that week, nor the next.

Plaintiffs' counsel wrote an email on July 25, 2016, requesting a phone conference with this Court to move to compel the initial disclosures. (Exhibit D) Defense counsel then offered to produce the initial disclosures "tomorrow afternoon."

Defense counsel did not produce the disclosures as promised on July 26, 2016, nor at any other time that week, despite phone calls further requesting them.

Also on July 26, 2016, Plaintiff's counsel served the First Set of Interrogatories and First Set of Requests for Production. (Exhibit E) There were only five interrogatories and four requests for documents:

> Interrogatory 1: Identify every person who has installed carpets as an employee or contractor of any Defendant, including all available contact information for such persons.
>
> Interrogatory 2: Identify Defendant Steven Keith, state the nature of his business, and any past, present, and future business or personal relationship with the other named Defendants in this suit.
>
> Interrogatory 3: State when and how carpet installers working for Defendants learn of their assigned jobs.
>
> Interrogatory 4: Identify the date(s), location, and persons assigned to perform work for every carpet or flooring installation job of Defendants.

>Interrogatory 5: State the date and amount of every payment by any Defendant to any person who has installed carpets as an employee or contractor of such Defendant.
>
>Request 1: Produce all documents or things identified, consulted, referenced, or used in preparing any initial disclosures, or any responses to interrogatories or requests for admission propounded in this matter.
>
>Request 2: Produce all of the records kept by the Defendants which are referred to in 29 C.F.R. 516, particularly 516.2, 516.5, and 516.6.
>
>Request 3: Produce all available resumes or CVs of any persons who have installed carpets as an employee or contractor of any Defendant.
>
>Request 4: Produce all documents or things that may be used at any trial, hearing, or proceeding in this matter, either as evidence or to assist in the presentation of evidence.

On July 29, 2016, defense counsel emailed a spreadsheet containing a list of jobs performed by one of the Plaintiffs in the months of September and October. (Exhibit G)

On August 2, 2016, this Court granted the motion to compel initial disclosures, which were ordered to be produced August 3, 2016. (Docket 16, Text-Only Order) Only after this second order of the Court did defense counsel produce the initial disclosures. (Exhibit F)

On August 25, 2016, defense counsel emailed that "Today is the 30th day after you filed discovery requests. Do you agree that under the local rules we have another 3 days to respond?" Plaintiffs' counsel answered "Sure." (Exhibit H)

Defense counsel did not produce any response to requests for documents or interrogatories on August 28, 2016, or at any time thereafter. Instead, defense counsel provided answers solely to requests for admission.

After inquiry, on September 2, 2016, defense counsel sent a small portion of the requested information - specifically, the names, contact information, and start and end

dates of employment of the carpet installers. (Exhibit I) Defense counsel further promised that "I will have more documents coming."

Defense counsel did not provide any of the promised additional documents in September.

In October, counsel exchanged a number of phone calls, and defense counsel ultimately promised to provide responses in the week of November 7, 2016.

Defense counsel did not provide the promised material.

On November 14, 2016, Plaintiffs' counsel sent another good faith letter. It stated "We have spoken on the phone a number of times and the expected response has been repeatedly promised and delayed. Most recently, two weeks ago we spoke and you promised to produce responses last week. I have received no responses. If no response is given this week, I will be requesting a conference with Judge Anderson, seeking to compel production." (Exhibit J) Counsel again spoke by phone the following week, and defense counsel promised to provide further documents. On November 29, 2016, defense counsel provided the work records - but not pay records or any other requested material - for three of the carpet installers.

On November 30, 2016, defense counsel emailed a table containing "a summary of the documents that we provided to you yesterday" and promised that "I have some more documents coming." (Exhibit K) Plaintiffs' counsel inquired about the missing interrogatories. Defense counsel stated "I am headed to Arkansas for two days of depositions.  I hope to get them to you on Monday."

Later that week, counsel had a phone conversation in which counsel for the Plaintiffs reiterated his concern with the lack of any responses to interrogatory requests, and requests for documents. Counsel for Plaintiffs' stated that "unless we have responses to interrogatories and document requests, we will be filing something Monday," referring to December 5, 2016. Defense counsel responded "That's fair enough."

Defense counsel has yet to provide any of these promised documents. There has been no written response to any of the interrogatories or requests for production in this matter.

## DISCUSSION

Under Rule 33, the responding party "must serve its answers and any objections within 30 days after being served with the interrogatories." The rules provide that "each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Under Rule 34, "the party to whom the request is directed must respond in writing within 30 days after being served." If no response is made, a motion to compel may be made under Rule 37(a).

Here, it is beyond cavil that more than 30 days have passed, and the Defendants have failed to respond to the discovery requests despite repeated efforts by the Plaintiffs and extensive good faith efforts. For this reason, this Court should compel a response to the requested discovery.

In addition, under Rule 37(a), "if the motion is granted - or if the disclosure or requested discovery is provided after the motion was filed - the court ***must*** after giving

an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The only grounds for denying movants expenses are: (i) lack of a good faith effort to resolve the matter; (ii) nondisclosure was substantially justified; or (iii) an award is otherwise unjust.

There can be no disputing the protracted and repeated good-faith efforts on the part of Plaintiffs to obtain discovery voluntarily. Nor does there appear to be any grounds for justifying the failure to provide any written response whatsoever to interrogatories which were propounded months ago. For these reasons, attorney fees are required under Rule 37(a).

Finally, Rule 37(d) provides that more serious sanctions are justified where "a party, after being properly served with interrogatories under Rule 33, or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Among other things, this includes "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Rule 37(b) (incorporated by reference in 37(d)). As the Fifth Circuit has held, "under Rule 37(d) violation of a court order is not a necessary predicate to the imposition of sanctions." *Dorey v. Dorey*, 609 F.2d 1128 (5th Cir. 1980).

In assessing whether to forbid a party from introducing evidence as a discovery sanction, courts in the Fifth Circuit considers four factors known as the "*Sierra Club* Factors":

(1) the importance of the excluded evidence;

(2) the prejudice to the opposing party of allowing the evidence to be presented;

(3) the possibility of curing such prejudice by granting a continuance; and

(4) the explanation, if any, for the party's failure to comply with the discovery

See *Moore v. CITGO Refining and Chemicals Co., LP*, 735 F. 3d 309, 319 (5th Cir. 2013) (discussing *Sierra Club v. Cedar Point Oil Co.*, 73 F.3d 546, 572 (5th Cir.1996)). Specifically, Plaintiffs are requesting that the Defendants be forbidden from introducing evidence supporting their allegations of the hours worked by the Plaintiffs. This is at the heart of the discovery here, which sought, among other things "all of the records kept by the Defendants which are referred to in 29 C.F.R. 516, particularly 516.2, 516.5, and 516.6" - that is, the records of the hours worked by the employees.

This is among the most lenient of Rule 37(d) sanctions, and in the context of this case the requested sanction is still less harsh than it at first may appear.

Under the first *Sierra Club* factor, there is little likelihood that the evidence would be of much help to Defendants. Specifically, it appears that Defendants have not kept any time sheets or other records of time actually worked, and will be attempting to fabricate estimates of time worked based solely on lists of jobs performed. These efforts will necessarily require a series of faulty assumptions to be made - that all employees work at the same rate, or that all jobs of a certain type take the same length of time to complete - and so will ultimately shed little light on the hours of work of the Plaintiffs. For this reason, it does not appear that the evidence excluded will be of much

significance to the employer in carrying its burden to prove the time worked by employees.[1]

Regarding the second factor, the prejudice to the Plaintiffs of allowing this evidence to be presented may be significant. Specifically, at this time the evidence has not been fully disclosed and Plaintiffs have no way to prepare a response. In particular, the expert designation deadline has passed, and any expert testimony on the length required to complete the jobs in question which may have been necessary to respond to such unknown evidence will now face more significant procedural obstacles.

Regarding the third factor, it is true that the prejudice could be ameliorated by further extending all of the deadlines in this case. But as time goes on, important records held by third parties which may be necessary to dispute the Defendants' evidence - such as cell-phone location data - may become lost or otherwise inaccessible. Delay itself is not without a certain cost.

Fourth and finally, there is the explanation for the Defendants' failure to respond. This factor is difficult to address in the absence of briefing from the Defendants but there does not appear, at this time, to be any reasonable explanation for the failure to provide any written response whatsoever to interrogatories in this case.

For these reasons, sanctions are justified in this case in the form of an Order forbidding evidence to be introduced supporting any of Defendants' claims regarding the number of hours worked by Plaintiffs.

---

[1] Under *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946), the Defendant bears the burden of proof on this question because it failed to keep the records of time worked as required by Department of Labor regulations.

## CONCLUSION

It has been 133 days since Interrogatories and Requests for Documents were served in this case. And despite repeated promises and excuses, there has been no written response under Rule 33 or 34 from the Defendants. Nor is this the first time. To simply obtain initial disclosures under Rule 26(a), two Orders of this Court were necessary.

Something must be done to deter such conduct. For these reasons, Plaintiff asks that this Court:

1) Order Defendants to produce the documents requested, and provide answers to pending interrogatories - without objection - within 10 days.
2) Order Defendants to pay the attorney fees associated with this motion, as well as the prior motion to compel which was granted August 2, 2016.
3) Enter an Order prohibiting Defendants from introducing evidence contesting the hours worked by the Plaintiffs.

Date: December 5, 2016

Respectfully Submitted,

/s/Joel Dillard
JOEL DILLARD (MS Bar #104202)
405 Tombigbee St.
Jackson MS 39201
Ph: 601-487-7369
Fax: 601-487-1110
Email: joel@joeldillard.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 6, 2016, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to counsel:

Mike Farrell
Regions Plaza
Suite 1088
210 E. Capitol Street
Jackson, Mississippi 39201
mike@farrell-law.net

Date: December 6, 2016          /s/Joel Dillard
                                            JOEL DILLARD