IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **Melvin Tillis,** | **PLAINTIFFS** |
| **Nicholas Boykin,** | |
| **Teona Rockingham,** | |
| **Aaron Williams,** | |
| **Marcellus Grant,** | |
| **Jason Weaver, &** | |
| **Chase McKnight** | |
| | |
| v. | 3:16-cv-287-HTW-LRA |
| | |
| **Southern Floor Covering, Inc.,** | **DEFENDANTS** |
| **Jeff Matthews,** | |
| **Steven Keith d/b/a Steven Keith's Floor** | **(JURY TRIAL** |
| **Covering, &** | **DEMANDED)** |
| **John Does 1-10.** | |

## AMENDED COMPLAINT

This is an action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, brought by carpet installers and apprentices against Defendants. Defendants have paid non-exempt employees an improper "salary," have misclassified employees, have failed to track or compensate for hours worked, and have violated minimum wage, overtime, and retaliation provisions of the Act. In support thereof, COME NOW THE PLAINTIFFS, by and through their attorney, and allege as follows:

### JURISDICTION, VENUE, JURY TRIAL

1. Jurisdiction is proper in this court under 28 U.S.C. § 1331 because this claim arises under the FLSA, 29 U.S.C. § 216.

2. Venue is proper in this court under 28 U.S.C. § 1391 because the work is based

out of Pearl, Mississippi.

3. Plaintiff hereby demands trial by jury on all issues so triable.

## PARTIES

4. Plaintiffs are all adult residents of Mississippi, and carpet installers/apprentice carpet installers recently employed by Defendants at their location in Pearl, Mississippi.

5. Defendant Southern Floor Covering, Inc., is a Mississippi corporation operating a carpet installation business.

6. Southern Floor Covering, Inc., has its principal place of business at 5010 Hwy 80E, Pearl, MS 39208.

7. Southern Floor Covering Inc., can be served through its registered agent, Carolyn P. Presley, who has listed her address for service as "705 Red Oak Rd., PO Box 5383, Brandon, MS 39047."

8. Defendant Jeff Matthews is an officer of Southern Floor Covering, Inc., and responsible for its day-to-day operations, including all policies and practices at issue here.

9. Defendant Steven Keith is doing business as "Steven Keith's Floor Covering."

10. Steven Keith has its principal place of business at 720 Old Hwy 49S, Richland MS 39218.

11. Defendants John Does 1-10 are persons or entities unknown who are either joint employers, alter egos, integrated enterprises, or are otherwise statutory employers coordinating in any fashion with the named Defendants, in the employment of one or more of the named Plaintiffs and/or any member of the class of similarly situated persons. As the identity of such persons becomes

known, this Complaint will be amended to add them by name.

## COVERAGE/INTERSTATE COMMERCE

12. Defendant Southern Floor Covering, Inc., is subject to "enterprise" coverage under the FLSA.

13. Defendant Southern Floor Covering, Inc., has over $500,000 per year in gross receipts.

14. Defendant Steven Keith is subject to "enterprise" coverage under the FLSA.

15. Defendant Steven Keith has over $500,000 per year in gross receipts.

16. In the alternative, Plaintiffs have worked in interstate commerce covered by the FLSA in every work week at issue.

17. Plaintiffs routinely travel in company vans from the company warehouse(s) in Mississippi, to install carpets in other states, such as Tennessee and Louisiana.

18. The Defendants routinely assign Plaintiffs work which is paid for by foreign and inter-state corporations organized under the laws of states such as Delaware and Louisiana.

19. The carpeting handled and installed by Plaintiffs is in interstate commerce, and delivered to Defendants' Mississippi warehouse(s) from outside of Mississippi.

20. The vans purchased by Defendants and driven by Plaintiffs originate from out of state, and travel in interstate commerce and on interstate highways.

## WORK AND PAY POLICIES

21. Plaintiffs are blue collar workers installing carpets and other forms of flooring.

22. Plaintiffs generally work in pairs, with one referred to as the "lead installer," or "installer" and a second referred to as a "helper" or "apprentice installer."

23. Defendants assign all the work, provide specific instructions for performing the

work, and supervise and evaluate the job performance of the Plaintiffs to determine continued employment or promotional opportunities.

24. Defendants provide all of the tools and materials needed to do the work. This includes investments in vehicles, gasoline, forklifts, warehousing space, and inventory of flooring materials. Plaintiffs make no capital investment.

25. Defendants market themselves to apartment management companies and other potential clients, directly controlling the flow of business and the determinants of profit and loss.

26. Installers need not have any particular skill, license, training, background, or personal initiative in order to perform the work. Defendants have successfully assigned the work to temp workers and forklift operators with no prior experience.

27. The relationship between Plaintiffs and Defendants is of a permanent nature, with employment frequently lasting for many months and years.

28. Plaintiffs begin work at the warehouse in Pearl, Mississippi, by getting their assignments and instructions for the day.

29. Plaintiffs are instructed on the material needed for the work, the location of the work, and other matters given by the Defendants.

30. Plaintiffs then find the materials they will need in the Defendants warehouses, and load that material onto company vans to take to the location where flooring is needed.

31. The location of assignments varies, but can be hundreds of miles away, in cities like Memphis, Shreveport, Mobile, or New Orleans.

32. The Plaintiffs drive the vans with materials to the location in need of flooring.

33. The Plaintiffs then, as necessary, remove furniture and fixtures from the location.

34. The Plaintiffs then remove any existing flooring that needs to be removed, and install the new flooring.

35. The time it takes to complete such work varies dramatically from workplace to workplace, depending on a host of factors including: traffic conditions on the road; the size of the apartment; the shape of the floor plan; the kind of flooring; the condition of the apartment when the work began; how many applications of glues or patches are necessary; and the diligence, care, and skill of the particular Plaintiff's partner in doing the work on that day.

36. Plaintiffs then call Defendants to inform them of the completion of the job.

37. Defendants may then assign a new job, at which time Plaintiffs drive back to the warehouse to pick up additional supplies, and drive out to the next job.

38. After the last job of the day is finished, Plaintiffs must drive back to the warehouse(s) to return the van to the lot, empty the van of tools and unused supplies, and, as applicable, close up the worksite.

39. Defendants do not track hours worked.

40. Pay stubs issued by Defendant Southern Floor Covering, Inc., indicate that at least some Plaintiffs were paid a "salary" of $480 a week, although the "salary" pay varied and could also be greater or lesser amounts.

41. However, other documents generated by Defendant Southern Floor Covering, Inc., purported to state that the Plaintiffs were paid a "commission" of 25% for helpers, and 35% for lead installers.

42. However, not all work performed by Plaintiffs appeared on these "commission" sheets, including work performed helping other teams complete their work, and work which was simply not included in the commission without explanation.

43. Defendant Southern Floor Covering, Inc., issues form W-2s to Plaintiffs reflecting

this "salary" pay and nothing else.

44. Defendant Steven Keith pays Plaintiffs in the same essential manner as Southern Floor Covering, Inc., for the same kind of work performed in the same way, but instead issues form 1099s to Plaintiffs.

45. No hourly pay or overtime is paid to Plaintiffs.

46. Plaintiffs have worked uncompensated overtime.

47. Plaintiffs have worked more than 40 hours in at least one work week.

48. Plaintiffs have worked more than 50 hours in at least one work week.

49. Plaintiffs have worked more than 60 hours in at least one work week.

50. Plaintiffs have worked more than 70 hours in at least one work week.

51. In terms of dollars per hour, Plaintiffs' compensation has been less than $10.87 per hour in at least one work week.

52. In terms of dollars per hour, Plaintiffs' compensation has been less than $7.25 per hour in at least one work week.

53. At times, when a Plaintiff has complained of the lengthy hours, the failure to monitor hours, or the failure to pay overtime or minimum wages, the Defendant has retaliated against the Plaintiff.

54. In particular, on or about the first week or April, when Plaintiff Rockingham informed Defendants that his paycheck was not right, management let Rockingham know that he should not come back to work until told to do so by Defendant Jeff Matthews.

55. Defendant Matthews did not call Plaintiff Rockingham to return back to work.

## CAUSES OF ACTION

### COUNT 1: Minimum Wages

56. Plaintiffs incorporate all allegations set forth in all other sections of this complaint.

57. Plaintiffs are employees protected by the minimum wage provisions of the FLSA.

58. The Plaintiffs are entitled to be compensated at a rate of at least $7.25 for every hour worked under 29 U.S.C. § 206.

59. To the extent that Defendants allege that Plaintiffs were appropriately designated "retail" employees under commission pursuant to 29 U.S.C. § 207(i), the minimum wage owed is $10.88 per hour, that is, "one and one-half times the minimum hourly rate applicable to [them] under section 206 of this title."

60. In at least some work weeks, Defendants failed to pay minimum wage under Section 206 and/or Section 207(i).

61. Defendants' violations were willful within the meaning of 29 U.S.C. § 255.

62. Plaintiffs seek the full remedies provided by 29 U.S.C. § 216, including damages in the amount of their unpaid wages, liquidated damages, interest as applicable, and such other legal and equitable relief as may be proper.

63. Plaintiffs seek recovery of attorney's fees and costs under 29 U.S.C. § 216 and other applicable provisions of law and equity.

## COUNT 2: Overtime

64. Plaintiffs incorporate all allegations set forth in all other sections of this complaint.

65. Plaintiffs are employees protected by the overtime provisions of the FLSA.

66. Under 29 U.S.C. § 207(a)(1), overtime of one and one-half times the regular rate must be paid to Plaintiffs for hours worked in excess of 40 in a given work week.

67. In at least some work weeks, Plaintiffs work more than 40 hours.

68. In such weeks, Defendants failed to pay overtime as required by the FLSA.

69. Defendants' violations were willful within the meaning of 29 U.S.C. § 255.

70. Plaintiffs seek the full remedies provided by 29 U.S.C. § 216, including damages in the amount of their unpaid wages, liquidated damages, interest as applicable, and such other legal and equitable relief as may be proper.

71. Plaintiffs seek recovery of attorney's fees and costs under 29 U.S.C. § 216 and other applicable provisions of law and equity.

### COUNT 3: Failure to keep mandatory records

72. Defendants are required to keep records pursuant to 29 C.F.R. Part 516.

73. Defendants did not keep all of the required records.

74. Defendants did not keep all records required by Section 516.2.

75. Defendants did not keep all records required by Section 516.16.

76. Defendants did not keep all records required by Section 516.5(c).

77. Defendants did not keep all records required by Section 516.6(b)

78. Defendants did not keep two years of records of hours worked.

79. Defendants did not keep two years of time sheets, time clocks, sign in sheets, or any other method of recording the actual hours worked by particular employees in particular work-weeks.

### COUNT 4: Retaliation against Rockingham

80. Plaintiffs incorporate all allegations set forth in all other sections of this complaint.

81. Plaintiffs are employees protected by the retaliation provisions of the FLSA.

82. Under 29 U.S.C. § 215(a)(3) and *Hagan v. Echostar Satellite, LLC*, 529 F. 3d 617, 625-

27 (5th Cir. 2008), Defendants are not permitted to discriminate against Plaintiffs for raising internal complaints of insufficient pay or overlong hours under the FLSA.

83. Plaintiff Teona Rockingham raised protected complaints.

84. Defendant terminated or otherwise refused to assign work to Rockingham because of these protected complaints.

85. Defendants unlawfully discriminated and retaliated against Plaintiff Rockingham in violation of the FLSA.

86. Plaintiffs seek the full remedies provided by 29 U.S.C. § 215(a)(3), including damages in the amount of back pay, front pay or reinstatement, compensatory and emotional distress damages, consequential and other pecuniary damages, punitive damages, interest as applicable, and such other legal and equitable relief as may be proper.

87. Plaintiffs seek recovery of attorney's fees and costs under 29 U.S.C. § 216 and other applicable provisions of law and equity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

a. Find that the Plaintiffs are "employees" under the FLSA;

b. Find that the Plaintiffs are covered and not exempt from the FLSA's minimum wage and overtime provisions;

c. Find that the practices of Defendants described herein violate the FLSA;

d. Find that the aforesaid violations are willful;

e. Enter judgment against Defendants for an amount equal to the amount of unpaid wages and unlawfully taken tips;

 f. Enter judgment against Defendants for liquidated damages in an additional equal amount as prescribed by statute;

 g. Award all remedies available for retaliation, including back pay, front pay or reinstatement, compensatory and emotional distress damages, consequential and other pecuniary damages, and punitive damages;

 h. Award interest, costs, and attorney's fees; and

 i. Award all other relief available under the FLSA or otherwise.

The foregoing Complaint is respectfully submitted on behalf of Plaintiffs by and through counsel:

/s/Joel Dillard  Date: 2/19/2017

JOEL F. DILLARD, PA
775 N. Congress St.
Jackson MS 39202
Email: joel@joeldillard.com
M.S. Bar No. 104202
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on February 19, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to counsel:

Mike Farrell
Regions Plaza
Suite 1088
210 E. Capitol Street
Jackson, Mississippi 39201
mike@farrell-law.net


/s/Joel Dillard     Date: 2/19/17

*Joel Dillard*