IN THE UNTIED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NOTHERN DIVISION

Melvin Tillis, Nicholas Boykin,
and Teona Rockingham                                                                   Plaintiffs

v.                                                                          No. 3:16 -cv- 287 HTW-LRA

Southern Floor Covering, Inc., Jeff Matthews                                  Defendants
Steven Keith d/b/a Steven Keith's Floor Covering,

_____

Answer to Amended Complaint and Affirmative Defenses
_____

The defendants Southern Floor Covering, Inc., Jeff Matthews, and Steven Keith hereby answer the allegations made against them in the Amended Complaint. Doc. 35.  The paragraphs below correspond to the paragraphs in the complaint.

1. Admitted.

2. Admitted.

3. This paragraph does not make any factual allegations and therefore does not require a response from the defendants.

4. Admitted.

5. Denied.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Denied.

11. Admitted.

1

12. Denied.

13. Admitted.

14. Admitted.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Admitted.

23. Admitted.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. This paragraph does not make any factual allegations and therefore does not require a response from the defendants.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. The defendants deny that the plaintiffs are entitled to any of the relief requested in the prayer for relief.

## Affirmative Defenses

Now having fully answered all the allegations made against them, the defendants assert the following affirmative defenses.

59. The complaint fails to state a claim on which relief can be granted,

60. The statute of limitations bars some or all of the plaintiffs' claims

61. The plaintiffs' claims are barred under 29 U.S.C. § 259 because the defendants relied in good faith on the regulations of the Department of Labor.

62. The plaintiffs' claims for liquidated damages are barred under 29 U.S.C. § 260 because the defendants believed in good faith that they were complying with the FLSA. The defendants sought out professional assistance to review their compensation system and relied on that professional assistance in good faith to believe that they were complying with the law.

63. The plaintiff's claims are barred under 29 U.S.C. § 207(i) because (a) the plaintiffs were exempt employees in that they worked in a retail or service establishment, (b) their regular rate of pay was more than 1 1/2 times the minimum hourly rate of $7.25 and (c) more than half their compensation represents commissions on goods or services.

64. The defendants acted in good faith at all times and at a reasonable belief that its payment plan was lawful and proper.

65. The defendants assert the right to rely on any after acquired evidence.

Now having answered all of the allegations made against them, the defendants move the court to dismiss the case and tax all cost and legal fees to the plaintiffs.

Dated: February 21, 2017.

Respectfully submitted,

/s/ Mike Farrell

Mike Farrell (MSB #5147)

Mike Farrell, PLLC  
210 East Capitol Street  
Regions Plaza, Suite 1088  
Jackson, MS  39201  
Tel: 601-948-8030  
Fax: 601-948-8032  
mike@farrell-law.net

CERTIFICATE OF SERVICE

I certify that on February 21, 2017, I filed this document with the clerk of the court using the ECF system which should have automatically forwarded a copy to the following counsel of record:

Joel Dillard
Joel Dillard, P.A.
405 Tombigbee St.
Jackson, Ms. 39201
Joel@joeldillard.com

*/s/ Mike Farrell*  
Mike Farrell

5